UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOT FOUR IMAGINATION INC., <br> Plaintiff, <br> v. <br> CHUAN YU ELECTRONIC LTD, <br> Defendant. | Case No. 21-cv-02772-VC <br><br> **ORDER DENYING MOTION FOR DEFAULT JUDGMENT** <br> Re: Dkt. No. 21 |

Root Four Imagination, Inc., a Canadian company, has sued Chuan Yu Electronic Ltd., a Taiwanese company, in California federal court for trademark infringement, copyright infringement, and unfair competition. Because Chuan Yu did not appear in the action, Root Four moved for default judgment. But Root Four's complaint does not make even a prima facie showing that the Court has personal jurisdiction over Chuan Yu. So the motion is denied without prejudice to renewal.

Root Four argues that the Court has nationwide specific jurisdiction over Chuan Yu. *See* Fed. R. Civ. P. 4(k)(2). But the complaint contains no allegations about the defendant's contacts with the United States as a whole. In fact, the conclusory allegations about Chuan Yu's contacts with one particular state, California, actively undermine Root Four's nationwide jurisdiction argument. *See* Dkt. No. 1, ¶ 2 (Chuan Yu "is doing business in this District via the Internet through ecommerce websites such as www.amazon.com."); *id.* ¶ 11 ("This Court has personal jurisdiction over Defendants at least because they have engaged in infringing and unlawful conduct in the advertising for sale, offers for sale, and sales of the accused products in California—including within this District—and created a likelihood of confusion as to the

source, origin, sponsorship, endorsement, or affiliation within this District."). Root Four has not plausibly alleged that Chuan Yu sold even one product in the United States, let alone that it made regular sales to customers in the United States. *See Boschetto v. Hansing*, 539 F.3d 1011, 1017–18 (9th Cir. 2008); *Adobe Systems Inc. v. Nwubah*, 2020 WL 3432639, at *8 (N.D. Cal. June 23, 2020). The mere fact that Chuan Yu advertised the allegedly infringing product for sale and posted the allegedly infringing advertising material on Amazon, a website that someone in any state can access, is not alone sufficient to establish nationwide personal jurisdiction. *See Herbal Brands Inc. v. Photoplaza Inc.*, 2021 WL 5299677, at *3 (D. Ariz. Nov. 15, 2021); *Zawitz v. Star Magic*, 2021 WL 1788590, at *5 (N.D. Cal. May 5, 2021).

**IT IS SO ORDERED.**

Dated: December 14, 2021

_____
VINCE CHHABRIA
United States District Judge